# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| LOWES HOME CENTERS, LLC, AND<br>L.G. SOURCING, INC.<br>    Plaintiffs,<br><br>V.<br><br>LUCAS INNOVATION, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>) No. 1:16-cv-01143-STA-egb<br>)<br>)<br>)<br>)<br>) |

## ORDER DIRECTING PLAINTIFFS TO FILE STATUS REPORT

This is an indemnity action between Plaintiffs Lowe's Home Centers, LLC, and L.G. Sourcing, Inc. and Defendant Lucas Innovation, Inc. Plaintiffs filed an Amended Complaint (ECF No. 11) on October 6, 2016, and caused summons to issue as to Defendant the same day. On April 3, 2017, Plaintiffs filed a motion for letters rogatory, requesting that the Court issue the letters to aid Plaintiffs' efforts to obtain service in Taiwan. According to Plaintiffs, Defendant is a corporation and/or has its principal place of business in China or Taiwan. Plaintiffs' motion stated that Plaintiffs had retained the services of a private process server to effect service on Defendant and were pursuing service simultaneously in China and Taiwan. Plaintiffs reported that service of process in China might take as long as a year. The Court granted Plaintiffs' motion for the letters rogatory and forwarded copies of the signed letters to counsel for Plaintiffs on April 11, 2017.

On October 2, 2017, the Court received a letter from the United States Department of State accompanied by a declaration from an official at the American Institute in Taiwan. The declaration indicated that there is no company by Defendant's name at the Taiwanese address

listed in the letters rogatory. As a result, service could not be effected on Defendant in Taiwan. In light of Plaintiffs' unsuccessful efforts to serve Defendant in Taiwan, the Court directed Plaintiffs to update the Court on the status of their efforts to serve Defendant in China and any other matters Plaintiffs might deem relevant to further the orderly progress of this case. In an October 27, 2017, filing, Plaintiffs reported that summons was delivered to the Central Authority in China and was awaiting service on Defendant. Although summons had been in China for almost a year at that time, Plaintiffs were told by their private process server that service times could run more than one year. Plaintiffs filed the affidavit of Celeste Ingalls of Alan H. Crowe & Associates, Inc. d/b/a Crowe Foreign Services to support their status report (ECF No. 19-1). More than three months have now passed since Plaintiffs' last status report.

The Court once again finds cause to require Plaintiffs to update the Court on the status of their service efforts in China. Plaintiffs should file a status report with the Court on their efforts to serve Defendant in China. The Court would also note that the plaintiffs in the underlying products liability suit, *McNeil v. L.G. Sourcing, Inc.*, civil no. 1:13-cv-01010-STA-egb, were able to obtain service of process on Lucas Innovation, Inc. in the British Virgin Islands in 2013. According to the record in that case, the *McNeil* plaintiffs retained the same private process server, Crowe Foreign Services, to effect service on Lucas Innovation, Inc. in China and Taiwan. Like Plaintiffs here, the *McNeil* Plaintiffs took steps to accomplish service on Lucas Innovation, Inc. in Taiwan and China, only to discover that Lucas could be served in the British Virgin Islands. The *McNeil* plaintiffs with the assistance of Crowe Foreign Services ultimately served Lucas Innovation, Inc. in the British Virgin Islands and furnished proof of service in the form of an affidavit from Celeste Ingalls of Crowe Foreign Services. Under the circumstances,

2

Plaintiffs' status report should show why Plaintiffs cannot obtain service on Lucas Innovation, Inc. in the British Virgin Islands.

Plaintiffs' status report is due within 28 days of the entry of this order.

**IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            CHIEF UNITED STATES DISTRICT JUDGE

            Date: February 7, 2018